EDOK Criminal Complaint (Revised 6/13)

# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CRIMINAL COMPLAINT** |
| *Plaintiff,* | |
| v. | **Case No.**  24-MJ-178-DES |
| **CHARLES RAY SUTER,** | |
| *Defendant.* | |

I, David Couch, the undersigned complainant, state that the following is true to the best of my knowledge and belief.

On or about May 18, 2024, in the Eastern District of Oklahoma, CHARLES RAY SUTER, committed the crimes of Threatening Interstate Communications, in violation of Title 18, United States Code, Sections 875(c); and Making of Firearm in Violation of NFA, in violation of Title 26 U.S.C. Sections 5822, 5861(f), and 5871.

I further state that I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives, and that this complaint is based on the following facts:

(See attached Affidavit of David Couch, which is attached hereto and made a part hereof by reference.)

☒       Continued on the attached sheet.

David Couch, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and
Explosives

Sworn to on May 24, 2024.

D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Signature of Judicial Officer

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Task Force Officer David Couch, being duly sworn, does depose and state the following:

### AGENT BACKGROUND AND INTRODUCTION

1. I am a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I am currently assigned to the ATF Muskogee Field Office with assigned duties within the Eastern Judicial District of Oklahoma.  Pursuant to Title 28 U.S.C. § 599A, the ATF is tasked with investigating criminal violations of federal firearms and explosives laws. I am an investigative or law enforcement officer of the United States of America within the meaning of Title 18, United States Code, Section 2510(7), that is an officer of the United States who is empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Title 18.

2. I have been assigned as a TFO since December 2021. Prior to this assignment, I have been an Oklahoma State Highway Patrol (OHP) Trooper for 26 years. During my employment with the OHP, I have had assignments in patrol and most recently I am assigned to the Bomb Squad, as a Bomb Technician, as well as being assigned to the ATF Eastern Oklahoma Violent Crime Task Force. I have conducted and participated in investigations for various criminal cases, to include firearms violations, explosive law violations, bombing, and post-blast investigations. During my employment with OHP, I have assisted other agencies and law enforcement, including the Federal Bureau of Investigation (FBI), Drug Enforcement Administration (DEA), and ATF with investigations regarding firearms, explosives, arson, and narcotics.

3. I am familiar with the facts and circumstances of this investigation. The facts set forth in this Affidavit are based on knowledge obtained from other law enforcement officers, my review of documents related to the investigation, conversations with others who have personal knowledge of the events and circumstances described herein, and/or review of open-source information including information available on the internet. Because this Affidavit is submitted for the limited purpose of establishing probable cause to believe that CHARLES RAY SUTER committed the below-described offense, I have not included every detail of the investigation and it does not set forth each and every fact I or others have learned during the course of this investigation. In addition, unless otherwise indicated, all statements contained in this Affidavit are summaries in substance and in part. The following is true to the best of my knowledge and belief.

## FACTS SUPPORTING PROBABLE CAUSE

4. Under Title 26 U.S.C. § 5845(a)(8), the term "firearm" includes "a destructive device." A destructive device is further defined under Title 26 U.S.C. § 5845(f) and includes, among other things, (1) any explosive, incendiary, or poison gas (A) bomb or (B) grenade and (3) any combination of parts either designed or intended for use in converting any device into a destructive device. A destructive device includes a device which is redesigned for use as a weapon and otherwise meets the definition of destructive device. Under Title 26 U.S.C. § 5822, no person shall make a firearm without complying with requirements that include filing an application to register the firearm, paying any applicable tax, and obtaining approval from the Secretary. Under Title 26 U.S.C. § 5841, each maker of a firearm shall register each firearm made and the Secretary shall maintain a registry known as National Firearms Registration and Transfer Record.

5. Facebook Messenger is an instant messaging application. Data associated with Facebook Messenger is stored at premises, owned, maintained, controlled, or operated by Meta Platforms, Inc. ("Meta"), a company headquartered in Menlo Park, California.

6. As will be shown below, there is probable cause to believe that CHARLES RAY SUTER committed the crimes of: (1) Threatening Interstate Communications, in violation of Title 18 U.S.C. § 875(c); and (2) Making of Firearm in Violation of NFA, in violation of Title 26 U.S.C. §§ 5822, 5861(f), and 5871.

7. On May 18, 2024, Panama Police Department Officers received a call from A.H. stating that her ex-boyfriend, CHARLES RAY SUTER, had been sending her threatening messages and that he (SUTER) was on his way to where A.H. was staying with her current boyfriend. A.H. is an Indian, more specifically, an enrolled member of the Choctaw Nation, a federally recognized Indian tribe, with some quantum of Indian blood. SUTER is not an Indian. Panama, Oklahoma is in LeFlore County, in the Choctaw Nation, in Indian Country, and in the Eastern District of Oklahoma.

8. Police obtained screenshots of some of the threatening electronic communications, which were sent via Facebook Messenger. One electronic message from SUTER states, "45 Minutes we will be rolling in about 4 possible 5 deep the laws get call there willbe a burning ring of fire that will takand light e any I ure would get caught  inside bet t j at ass my call would be fuck it I'm jump either way cause I be dam if I become a roasted bu4nt marshmallows." Another states, "Fare warning the cops get called they better have eyes in the back of there head its no treat it a promise my niece ready to shred lue up." Another states, "Don't think I won't kick a door in if he don't come out . . . ." A different electronic message from SUTER states, "I'm done talking on here I'm going to do the rest of it when I show up just given you heads up if you don't want

trouble there then advise get out of there." SUTER also electronically communicated that "I'm not stopping until I get my hands on him."

9. A.H. told police that SUTER would likely be driving in a red and white Ford truck with a chrome roll bar in the back. Police Chief Eddie Seaton observed a red and white Ford truck a short time later and noticed that the truck had a defective exhaust system and further observed the truck drive to the left of center multiple times. Chief Seaton activated his police vehicle's emergency lights and conducted a traffic stop at the intersection of Illinois and Tecumseh in Panama, Oklahoma. SUTER was the passenger in the truck. Chief Seaton learned that SUTER had an arrest warrant issued by the Municipal Court in Panama. Chief Seaton placed SUTER under arrest and, pursuant to a search incident to the arrest, located what he believed to be an improvised explosive device in SUTER's right front pocket along with a lighter.

10. After SUTER was read his Miranda Rights, SUTER admitted that he made the device and said that he made it out of eight or nine sparklers and a fuse. SUTER admitted sending the electronic messages and acknowledged that he was going to A.H.'s boyfriend's home. He indicated that he was going to light the device to scare them. SUTER said that after he got out of jail, he would return. Chief Seaton contacted the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) who responded along with the Oklahoma Highway Patrol Bomb Squad.

11. The device was determined to be what is commonly referred to as a "sparkler bomb." Bomb Technicians performed a render safe procedure and collected the components of the device learning that it was constructed from several metal firework sparklers tightly wrapped with electrical tape and having a piece of hobby fuse attached as an ignition point.

12. I then went to the LeFlore County jail where SUTER was being held. SUTER was advised of his constitutional rights under *Miranda* and agreed to talk with investigators. SUTER

explained to investigators how he had used sparklers and tape to construct the device. SUTER stated that he wanted to fight R.P., A.H.'s current boyfriend. SUTER stated that he intended to throw the device out the window of the truck hoping to draw R.P. outside.

13. I consulted ATF Explosive Enforcement Officer Gary Smith who stated that the device would meet the definition of a "destructive device" pending laboratory analysis of the components.

14. Furthermore, I caused a query to be conducted in the National Firearms and Registration Record concerning SUTER and the destructive device he possessed. There were no items registered to SUTER nor was the destructive device registered as required by law.

15. Based on the above and the totality of the circumstances, I believe that probable cause exists to issue a criminal complaint against CHARLES RAY SUTER for: (1) Threatening Interstate Communications, in violation of Title 18 U.S.C. § 875(c); and (2) Making of Firearm in Violation of NFA, in violation of Title 26 U.S.C. §§ 5822, 5861(f), and 5871.

Respectfully Submitted,

David Couch
Task Force Officer, ATF

Sworn before me this __24th__ day of May 2024.

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF OKLAHOMA